Hull *v.* Eddy.

---

STEPHEN HULL, surviving executor of Daniel Hull vs. ANNA EDDY.

---

A testator, among other things, directed and bequeathed as follows, to wit: " All the residue of my estate, after payment of my debts, (if any there be) and commis-

sion for settling my estate, I give and bequeath to my children, viz: to Stephen Hull and Gershom Hull, and my daughters, Mary Debaw and Anna Eddy, equally to be divided among them, share and share alike ; nevertheless, my intent and meaning is, that if my said daughter Anna should die, leaving no child or children, then her dividend out of my estate, shall be equally divided among my sons, Stephen Hull, Gershom Hull, and my daughter, Mary Debaw." *Held,* that this was not only a vested, but an immediate legacy ; not payable upon a condition precedent, but liable to be divested upon a condition subsequent, due to Anna Eddy, and payable to her as well at law as in equity.

It is well settled, that chattels and even money may be so limited by will, as to ta effect by way of executory bequest.

———

Anna Eddy brought an action of assumpsit against Stephen Hull, surviving executor of Daniel Hull, deceased, in the Court of Common Pleas of the county of Hunterdon. At the term of February, 1830, the cause was tried and the jury rendered a special verdict, setting forth, " That Daniel Hull, mentioned in the declaration, being of sound mind, by his last will and testament, bearing the date 18th May, 1809, executed in due form of law, to pass real and personal estate, did, among other things devise as follows, to wit: " Sixth, all the residue of my estate, after payment of debts, (if any there be) and commissions for settling my estate, I give and bequeath to my children, viz: To Stephen Hull, and Gershom Hull, and my daughters, Mary Debaw, and Anna Eddy, equally to be divided among them, share and share alike ; nevertheless, my intent and meaning is, that if my said daughter, Anna, should die, leaving no child or children, then her dividend out of my estate, shall be equally divided among my sons, Stephen Hull, Gershom Hull, and my daughter Mary Debaw ; " and thereof appointed Stephen Hull, and Gershom Hull, executors, as by said last will and testament, reference being thereunto had, will more fully appear. That the said will was proved and recorded, and filed in due form of law, and letters testamentary were granted to the executors, Stephen Hull and Gershom Hull, on the 28th May, 1812, as by reference to the same, will appear. That the said Stephen Hull and Gershom Hull, executors as aforesaid, settled their accounts in the Orphans Court of the county of Hunterdon, and the same was decreed to be allowed, ascertaining that there remained in the hands of the said accountants, the sum of four

Hull *v.* Eddy

thousand eight hundred and seventy-four dollars thirty-one cents, to be paid agreeably to said will, with interest from the first of May, 1813, as by the same, reference being thereunto had, will appear. The amount of the specific or pecuniary legacies mentioned in the will, amounting to sixteen hundred and seventeen dollars, is to be deducted from the said sum of four thousand eight hundred and seventy-four dollars thirty-one cents; leaving three thousand two hundred and fifty-seven dollars thirty-one cents, to be divided among the residuary legatees according to the said will, (pro ut the same;) that the defendant and his co-executor in the life-time of the said Gershom and the said defendant, since his death, have paid to the said Anna Eddy, all the interest due upon the said legacy, up to the day of 1828, since which time, there has accrued the sum of of interest; that on the 27th July, 1829, a refunding bond was tendered to the surviving executor, and this suit immediately thereafter was instituted to recover the principal and interest of the said legacy; that the plaintiff is a widow, and without children.

If, upon the foregoing facts, the court should be of opinion, that by law, the plaintiff is entitled to recover the principal of the said legacy, then judgment shall be entered in this action, for the plaintiff against the defendant, for the sum of eight hundred and fourteen dollars and thirty-two cents of principal and one hundred and ten dollars eighty-five cents of interest, in the whole, amounting to nine hundred and twenty-five dollars seventeen cents; and if the court should be of opinion, that the plaintiff is not entitled to recover the said principal, but is entitled to recover the interest, then judgment to be entered for the sum of one hundred and ten dollars eighty-five cents, with interest from this fourth of February, 1830; and if the court should be of opinion that judgment should be entered for the defendant, then judgment of non-suit to be entered with costs."

Judgment was rendered for the plaintiff for the amount of principal and interest with costs. This judgment was removed into this court by writ of error.

*A. Miller* and *J. S. Green*, for plaintiff in error.

This is a question of construction. What interest has Anna Eddy, in the residue of her father's estate.

First. The testator clearly meant to make a distinction between Stephen, Gershom, Mary, and this daughter, Anna Eddy.

In the first part of this clause of the will, he places them all on the same footing; the residue is to be divided *equally*, share and share alike. If he had stopped here, there could be no difficulty, but he adds, " Nevertheless, my intent and meaning is, that if my daughter, Anna, should *die, leaving* no child or children, then her share to be divided among the sons and daughter."

Anna then takes one fourth of the balance, subject to the contingency of her dying without leaving a child or children. The testator did not intend, that Anna should have the control of the principal.

2. This limitation over, is lawful. It is not void by being too remote. It is to take effect in a reasonable time, during the life time of persons in *esse*, at the time of the death of the testator.

3. A limitation of personal goods and chattels, or money, in remainder after a bequest for life, is good. *Westcott* v. *Cady*, 5 *John. Chan. Rep.* 346. See case of *Hughes* v. *Sayre ;* 1 *Peer. Williams*, 534, cited in 1 *John. Rep.* 440.

4. The limitation is not void from uncertainty. It is not limited over upon failure of indefinite issue ; but upon not leaving a child, it passes to the survivor.

These words in the will, if applied to real estate, would create an estate in fee with limitation over to the survivors on Anna dying without leaving a child. They could not create an estate tail, so as to vest the whole in Anna, as first devisee.

The principle involved in this case, is discussed and examined with great ability by Kent, C. J. in a case reported in 10 *John. Rep.* 12.

*Wurts*, for defendant in error.

The only question involved in this case, is the right construction of a clause in the will of Daniel Hull, deceased.

In determining questions of this character, one of the leading rules is, that the *intention* of the testator must be carried into effect, if it can be, consistently with established legal principles.

Hull *v.* Eddy.

Another important rule may be mentioned, which is, that the whole instrument must be taken together, *ut res magis valeat quam pereat.*

1. What was the testator's intention in this bequest, to his daughter, Anna Eddy ?

He must have meant, if Anna Eddy died without children before himself, or before settlement of his estate ; else, why not direct her share to remain in the executor's hands, as in the case of his wife ?

A fair argument from the restriction imposed in the case of his wife, is, that he did not intend the same in this case. If he had, he would have said so.

I consider, he intended to give it to her absolutely, if living at the time of his death or settlement of his estate. Upon no other principle can we reconcile the distinction he makes in the cases of his wife and daughter.

But at all events, is not her right such an one as a court of law will recognize and enforce ?

The testator intended to provide a support for this daughter. If at her death, *without children,* any part of this share is remaining, it will then be time enough for the survivors to enforce their claims.

2. But if the intention of the testator was not such as I have insisted upon, and a different construction is put upon the will, the consequence is, an *estate tail* is created in this distributive share, with remainder over.

This cannot be done, or if done, cannot be maintained, and the remainder over is void, and the bequest vests absolutely in Anna Eddy.

The words here used, would create an estate tail in Anna Eddy, in real property, and when applied to personality, as in this case, the remainder over is void. 2 *Blac. Com.* 402, *chap.* 25, & *note* 5, *to chap.* 11.

A pecuniary legacy cannot be limited, *after a dying without issue.* The rule is, that if the words used, would create an estate tail in real estate, the limitation over is void. 4 *Bac. abrid. Legacies & Devises L.* 320 ; 2 *Halst.* 352 ; 1 *South.* 304, 5 ; *Roper on Legacies,* 203, 4 ; 1 *Burr. Rep.* 272.

Hull v. Eddy.

A limitation of personal estate after the death of the first taker " without issue generally," is void. 2 Atk. 308; 1 Vesey, sen. 133; 1 Vernon 478; 2 Com. Dig. 329; "Chancery" Perpetuity, 4 G.

A devise of four hundred dollars, to be kept at interest, to A. for life, and if he dies without heirs of his body, then over, vests absolutely in first devisee : the limitation is void. 1 Vesey, sen. 133, 154.

If a man gives six hundred dollars to three daughters, to be equally divided, and if one dies without issue, her part to go to the survivors, and one marries and dies without issue, her husband holds it. 2 Ventris 349, 368 ; 1 Vernon 327, 348.

I submit therefore to the court, that in either view of the case, Anna Eddy, is entitled to recover and hold the principal of the residuary share, as well as the interest then due.

The opinion of the court was delivered by

HORNBLOWER, C. J.   The action below, was brought by Anna Eddy, a daughter of the testator, to recover the share given to her by his will, of his personal estate.   The jury rendered a special verdict, and among other things, found, that the testator directed and bequeathed as follows, to wit : " All the residue of my estate, after payment of my debts, (if any there be) and commissions for settling my estate, I give and bequeath to my children, viz : To Stephen Hull, and Gershom Hull, and my daughters, Mary Debaw and Anna Eddy, equally to be divided among them, share and share alike.   Nevertheless, my intent and meaning is, that if my said daughter Anna should die, leaving no child or children, then her dividend out or my estate, shall be equally divided among my sons, Stephen Hull, Gershom Hull, and my daughter Mary Debaw."   The jury further found, that Anna Eddy's share of the residue, in the hands of the executors, upon a final settlement of the accounts in the Orphans Court, was eight hundred and fourteen dollars thirty-two cents, of principal, and that there had accrued thereon for interest, the sum of one hundred and ten dollars eighty-five cents, making in the whole, the sum of nine hundred and twenty-five dollars seventeen cents ; that the plaintiff below, was a widow, and without a child or children ; that before the

commencement of the action, she had tendered to the defendant a refunding bond, pursuant to the act of Assembly, &c.

And the jury submit to the court, that if the plaintiff is entitled to recover the said legacy, then judgment to be entered for the nine hundred and twenty-five dollars seventeen cents, that being the whole amount of principal and interest; but if the court should be of opinion that the plaintiff is only entitled to the interest thereof, then judgment to be entered for the said sum of one hundred and ten dollars eighty-five cents ; or otherwise, &

The Court of Common Pleas, rendered judgment for the plaintiff below, for the full amount of principal and interest. To review that judgment is the object of the writ of error in this case.

By the first section of the act for the more speedy recovery of legacies, &c., *Rev. Laws,* 49, an action at law is given to a legatee ; in which action, if it shall appear that the legacy " is due," and there be sufficient assets, &c. the legatee shall recover with costs, &c., any law usage, or custom to the contrary, not withstanding.

The question then is, whether the bequest or legacy in question, *is due,* or payable to the plaintiff below.

The difficulty arises upon the contingency annexed to the bequest in this case.

It is well settled, that chattels, and even money, may be so limited by will, as to take effect by way of executory bequest. The case of *Moffat* v. *Strong,* 10 *Johns. Rep.* 12 ; and the case of *Westcott* v. *Cady,* 5 *Johns. C. R.* 346 ; and the authorities cited by Chief Justice Kent, in the former, and by the same distinguished judge, as chancellor, in the latter case, abundantly support this position. *Prest. on Legacies,* 102 ; 1 *Williams on Executors,* 465 ; *Tissen* v. *Tissen,* 1 *Peer. Wms.* 500 ; *Upwell* v. *Halsey, ibid* 651 ; *Hyde* v. *Parrot ; ib.* 1.

The limitation upon which this legacy is given, is good, as an executory bequest. It is not upon an indefinite failure of issue, but if she should die *leaving* no *child* or *children. Sheffield* v. *Lord Orrery, et al.,* 3 *Atk.* 282 *&* 287 ; *Hughes* v. *Sayre,* 1 *Pr. Wms.* 534 ; *Prest. on Leg.* 149. The limitation over, being

to her *brothers*, Stephen and Gershom, and her *sister* Mary, *equally to be divided between them*, is an argument also, to shew that the testator contemplated an event, which if it ever happened, must take place at a period not more remote than the time of her death. 4 *Kent's Com.* 271 ; *Den.* v. *Schenck*, 3 *Halst. Rep.* 29 ; *Moffat* v. *Strong*, 10 *Johns: Rep.* 12.

But it does not follow, that because the legacy is thus limited, the legatee is not entitled to recover it at law. It seems to be a rule in equity, that where a general bequest is made of the *residue* of an estate, to one *for life only ;* and that residue consists of such chattels or articles, as are ordinarily consumed in the use of them, as corn and wine ; or of annuities or securities for money, the legatee is not to have the specific property ; but the whole is to be converted into money, and the interest thereof paid to the legatee during life. *Howe* v. *Dartmouth*, 7 *Ves.* 137 ; *Covenhoven* v. *Shuler*, 2 *Paige's C. R.* 122; *Prest. on Leg.* 96 ; *Roper on Leg.* 209 ; 2 *Wms. on Executors*, 859.

This rule however, does not extend to chattels specifically bequeathed, even though the bequest is made expressly *for life only*, and cannot by any possibility continue longer. In such case, the legatee for life, is entitled to the possession of the goods ; and a court of equity will only require the legatee to sign and deliver an inventory of the articles, acknowledging the receipt of them, and that he is entitled to the use of them for life only. 2 *Wms. on Executors*, 859; *Slanning et al* v. *Style, et al.* 3 *Peer. Wms.* 334; *Leake* v. *Bennet*, 1 *Atk.* 470. *Bills* v. *Kinnaston*, 2 *Atk.* 82 ; and the case above cited from 2 *Paige's C. R.* 122. Formerly in such cases, the Court of Chancery used to require the legatee *for life*, to give security for the protection of those entitled, in remainder ; but such security is not now required, except under special circumstances, as the cases and authorities just cited, will shew.

The legacy in question, however, is not a legacy *for life only.* It is a gift to the plaintiff, not to terminate with her life, but subject only to be then defeated, if she happens to leave no child or children her surviving ; and where a legacy is given in general terms, subject to be defeated upon the happening of a subsequent event, the contingency will not prevent the lega-

tee from receiving the money or chattels, so bequeathed. 2 *Wms. Executors*, 855.

The legatee in this case, has a greater interest or estate in the money bequeathed to her, than the mere legal value or annual interest thereof. The testator has given her the money itself, the principal. He has not given her the bare use or interest of it. In *Fawkes* v. *Gray*, 18 *Ves.* 131, a pecuniary legacy, given on condition to be void, in case the legatee should succeed to a certain estate, upon the death of A, without issue; payment was decreed to the legatee in the life time of A, and that without security; and this was done upon the authority of *Griffiths* v. *Smith*, 1 *Ves. jr.* 97. In the latter case, the Lord Chancellor says, " Suppose there is a contingency left, plaintiffs must have the money; for I cannot keep it in court all that time to wait the event." So in a late case, *Colton* v. *Morris*, 6 *Madd.* 89, where a legacy was given to a father on condition that he would not interfere with the education of his daughter; the legacy was decreed to be paid, though the chancellor required security that the legatee should not interfere with the education of his daughter. These decisions go upon the ground that the bequest is an immediate one; that it is vested and subject only to be divested upon a future contingency, in the nature of a condition subsequent. Upon no other principle could such decrees have been made.

If the legacy in question is a vested legacy, given upon a condition *subsequent;* then it is " *due* " to the legatee; and under our statute, may be recovered at law, as well as in equity. That the persons in remainder may possibly be able to make a case in equity, that would entitle them to security, can be no plea in bar to her action at law. If the chancellor should require security in such a case, it would not be on the ground that it was not a vested legacy, and that the legatee had no right to the possession of it; but it would be on the ground of danger. If it was not a vested legacy payable to the legatee, the chancellor would not decree *payment* at all, but direct it to be invested.

Upon the facts found by the jury in this case, we must either affirm or reverse the judgment. We cannot give judgment for the interest, the testator has not given her the interest, nor directed when or by whom it shall be paid; and if we reverse the

judgment, it must be because it is not a vested legacy, and if it is not, then the money must lie dead, nobody being entitled to the interest.

It is argued that the executor is trustee of this fund, and he is to put it at interest, and pay the interest to the legatee. But if he does so, he must do it under the direction of a court of equity : for the will has not created him a trustee of this fund, or given him any directions.   In one sense, indeed, the executor is a trustee, but he is so by implication of law only ; and in that sense, he is a trustee for the legatees in the same manner that he is for creditors, and in no other ; and as such general implied trustee, he has no right to retain this money.   He has given no security, and the legatee may be in as much danger while the money is in his hands, as those in remainder may be, if the money is paid to her.   If she is improvident, and they apprehend danger, the Court of Chancery is open to them—*non constat* that the contingency upon which they will be entitled to have the money will ever happen.

Upon the whole, I am of opinion, it is not only a vested, but an immediate legacy ; not payable upon a condition precedent ; but liable to be divested upon a condition subsequent ; that it is therefore *due* and payable to her, as well at law as in equity, and consequently, that the judgment must be affirmed with costs.

DRAKE, J. concurred.
FORD, J. absente.

Judgment affirmed.

CITED in *Den* v. *Blackwell*, 3 *Gr.* 391 ; *Kent* v. *Armstrong*, 2 *Hal. Ch.* 648 ; *Exrs Rowe* v. *White*, 1 *C. E. Gr.* 415 ; *Howard* v. *Howard Exrs.*, *Id.* 487 ; *Jones Exrs.* v. *Stites*, 4 *C. E. Gr.* 327.